**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY** | ) | |
| **COMMISSION,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **COMPLAINT 5:20-cv-448** |
| | ) | |
| **GREAT RENTALS AND EVENTS, L.L.C.** | ) | |
| **D/B/A GREAT EVENTS** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Yolanda Gonzalez ("Gonzalez"), who was adversely affected by such practices. As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission (the "Commission" or "EEOC") alleges Great Rentals and Events, LLC d/b/a Great Events ("Defendant" or "Great Events"), subjected Gonzalez to a hostile work environment because of her sex, female, in violation of Section 703(a) of Title VII. The Commission further alleges that Defendant subjected Gonzalez to unlawful retaliation after she engaged in the protected activities of objecting to and reporting sex harassment in violation of Section 704(a) of Title VII.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title

VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas, San Antonio Division.

## PARTIES

3.      Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.      At all relevant times, Defendant has continuously been a limited liability company doing business in the State of Texas, and the City of San Antonio, and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6.      More than thirty days prior to the institution of this lawsuit, Yolanda Gonzalez filed a charge with the Commission alleging violations of Title VII by Defendant.

7.      On July 31, 2019, the Commission found reasonable cause to determine that the Defendant violated Title VII when it subjected Gonzalez to a hostile work environment because of her sex, female, and then retaliated against her. The Commission then invited Defendant to join it in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief. After issuing the Letter of Determination to Defendant, the

Commission engaged in communications with the Defendant to provide it with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

8.      On September 9, 2019, the Commission issued Defendant a Notice of Failure of Conciliation, advising Defendant that the Commission was unable to secure an acceptable conciliation agreement.

9.      All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

10.      Yolanda Gonzalez was hired by the Defendant as an event rental coordinator in approximately March of 2018. Beginning in approximately March of 2018, Defendant engaged in unlawful employment practices at its San Antonio facility in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a) and Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

11.      Defendant's owner engaged in sex discrimination against Gonzalez by subjecting her to severe, pervasive, unwanted, and degrading harassment, and by creating and maintaining a hostile work environment, because of her sex (female). The harassment to which Ms. Gonzalez was subjected as part of an overall hostile workplace environment included but was not limited to sexist comments that were degrading to women, as well as comments of a sexual nature about the appearance and attire of her and other female employees.

12.      The unlawful harassment, which was perpetrated by Defendant's owner, Lawrence Roth ("Roth") included, but was not limited to, the following conduct that created a hostile work environment based on sex:

- Roth stated that "all women are worthless because they have kids;"
- Roth referred to a female co-worker as a "hooker" in front of Gonzalez;
- In front of coworkers, Roth discussed a hypothetical in which Gonzalez's blouse fell off in an attempt to humiliate Gonzalez;
- Roth told Gonzalez that "if you were to get pregnant, you'd be of less value to my

company because you'd have to miss work to be with your kids;"

- Roth stated that "women are irresponsible, they think they own the place," after a female employee called in sick;
- Roth made sexual comments about Gonzalez's appearance, telling her "you would look good even in a burlap sack;"
- Roth told Gonzalez he would pay her even if she just "stood around so he could look at her." When Gonzalez told Roth that this remark was inappropriate, he responded by stating "it's not like I'm telling you to model a bikini;" and
- On an almost daily basis, Roth would address female employees as "little girls" and would make comments such as "okay little girls, it's time to go to bed, Daddy has to put you to bed." Roth persisted in making these comments despite complaints from his employees.

13.     After Gonzalez complained of this conduct to a human resources official, the Defendant failed to take prompt or effective action to reasonably prevent, correct, or remedy the unwelcome and offensive conduct that created a hostile work environment with regard to women. The human resources official instead, simply explained that there was little she could do because Roth owned the company. Rather than taking reasonable lawful steps to remedy the hostile work environment or addressing Gonzalez's protected complaint, the human resources official instead advised Roth to simply fire Gonzalez.

14.     The Defendant retaliated against Gonzalez by terminating her because of her protected opposition to the owner's harassing conduct.

15.     The Defendant is liable for the hostile work environment based on sex because it was created and maintained by Defendant's proxy and owner, who was also a supervisor in Gonzalez's chain of command.

16.     The effect of the practices complained of in paragraphs 10 through 15 above has been to deprive Gonzalez of equal employment opportunities and to otherwise adversely affect her status as an employee because of her sex, female, and in retaliation for opposing such unlawful practices.

17.     The unlawful employment practices complained of in paragraphs 10 through 15

above were intentionally undertaken by the Defendant and its agents.

18.     The unlawful employment practices complained of in paragraphs 10 through 15 above were done with malice or with reckless indifference to the federally protected rights of Yolanda Gonzalez.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from maintaining a hostile work environment on the basis of sex, female, and from any other employment practice which discriminates on the basis of sex, female;

B.     Grant a permanent injunction enjoining Defendant, its agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in retaliation against current, future or former employees who have opposed practices made unlawful by Title VII, who have participated in a proceeding under Title VII by filing a charge of discrimination with the Commission, or who have otherwise engaged in protected activity under Title VII;

C.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and for all employees who oppose, or who have opposed unlawful discriminatory employment practices, or who have participated in a proceeding under Title VII, or have otherwise engaged in protected activity, and which eradicate the effects of their past and present unlawful employment practices;

D.     Order Defendant to provide Yolanda Gonzalez appropriate back pay with prejudgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including, but not limited to

reinstatement of Yolanda Gonzalez or front pay in lieu thereof;

   E. Order Defendant to make whole Yolanda Gonzalez by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described 10 through 15 above, in an amount to be determined at trial;

   F. Order Defendant to make whole Yolanda Gonzalez by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices as described in paragraphs 10 through 15 above, including but not limited to, humiliation, emotional pain and suffering, stress, anxiety, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial;

   G. Order Defendant to pay Yolanda Gonzalez punitive damages for its malicious or reckless conduct as described in the paragraphs 10 through 15 above, in amounts to be determined at trial;

   H. Grant such further relief as the Court deems necessary and proper in the public interest; and

   I. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

   The Commission requests a jury trial on all questions of fact raised by its complaint.

       Respectfully submitted,

       SHARON FAST GUSTAFSON
       General Counsel

       GWENDOLYN YOUNG REAMS
       Associate General Counsel

       ROBERT A. CANINO
       Regional Attorney
       Oklahoma Bar No. 011782

EDWARD JUAREZ
Supervisory Trial Attorney
Texas Bar No. 24019498

/s/ Philip Moss
PHILIP MOSS
Trial Attorney
Texas State Bar No. 24074764
Email: philip.moss@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
San Antonio Field Office
5410 Fredericksburg Rd., Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 640-7570
Facsimile: (210) 281-7669

**ATTORNEYS FOR PLAINTIFF**