IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:20-cv-00448-XR ) |
| GREAT RENTALS AND EVENTS, L.L.C. D/B/A GREAT EVENTS, | ) ) ) |
| Defendant. | ) ) ) |

## CONSENT DECREE

The Parties to this Consent Decree are the Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC"), and Defendant, Great Rentals and Events, LLC d/b/a Great Events ("Defendant" or "Great Events"). This Consent Decree resolves the allegations raised by the EEOC in the above referenced Civil Action, 5:20-cv-00448-XR. The EEOC initiated this lawsuit under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct alleged unlawful employment practices pertaining to sex discrimination and retaliation, and to provide appropriate relief to Yolanda Gonzalez ("Gonzalez"), who was adversely affected by such alleged practices. More specifically, the EEOC alleged that the Defendant subjected Gonzalez to a hostile work environment because of her sex, female, in violation of Section 703(a) of Title VII. The EEOC further alleged that the Defendant subjected Gonzalez to unlawful retaliation after she engaged in the protected activities of objecting to and reporting sex harassment in violation of Section 704(a) of Title VII.

The Parties wish to settle this action, without the necessity of further litigation, pursuant to the terms delineated in this Consent Decree, with each party expressly acknowledging that this settlement is a compromise of disputed claims.

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, the parties agree as follows, the court finds appropriate, and therefore, it is ORDERED, ADJUDGED AND DECREED that:

1. The parties agree that this Court has jurisdiction of the subject matter of the claims and causes of action asserted by the EEOC against Defendant, venue is proper, and all administrative prerequisites to the EEOC's filing have been met. Moreover, this Court has jurisdiction to enforce the provisions set forth in this Consent Decree.

2. This Consent Decree resolves all issues raised in EEOC's Complaint in this case. EEOC and Charging Party Yolanda Gonzalez waive further litigation of all issues raised in the above referenced Complaint. Further, Charging Party Yolanda Gonzalez releases Defendant from any and all claims asserted in the above-referenced lawsuit. EEOC, however, expressly reserves its right to process and litigate any other charges which may now be pending or may in the future be filed against Defendant.

3. During the term of this Consent Decree, Defendant's officers, managers, employees, agents, partners, successors and assigns are hereby enjoined from retaliating in any manner whatsoever against any employee for opposing any employment practice made unlawful by Title VII, or for complaining of sex harassment or other unlawful discrimination, filing a discrimination charge, giving testimony or assistance, or participating in any lawful manner in any investigation, proceeding, hearing or action under Title VII.

4. During the term of this Consent Decree, Defendant's officers, managers, employees, agents, partners, successors and assigns are hereby enjoined from:

(a) Discriminating against any employees on the basis of sex in violation of Title VII;
(b) Engaging in or being a party to any action, policy or practice that has the effect of harassing or intimidating any employee on the basis of sex; and
(c) Creating, facilitating or permitting the existence of a work environment that is hostile to any employees through acts such as physical/verbal abuse and derogatory comments, on the basis of sex.

5. Defendant shall eliminate from Yolanda Gonzalez's employment records all documents and entries relating to the facts and circumstances which led to the filing of the charge and subsequent litigation. Defendant also agrees to prohibit any dissemination, directly or indirectly, to any other prospective employer, any of the facts and circumstances relating to the filing of and resolution of the charge and subsequent litigation. Defendant agrees to provide Gonzalez with a neutral job reference, upon request to Larry Roth, the neutral job reference will include only Yolanda Gonzalez' dates of employment and position held.

6. Within three hundred and sixty-five days (365) days of the entry of this Consent Decree, Defendant, in full resolution of all disputes in this matter, shall pay the aggregate sum of $20,000 (Twenty Thousand Dollars and Zero Cents). The settlement will be paid in four installments as follows-

Within thirty (30) days from the effective date of the agreement, the following payments shall be made as the first installment-

(a) Subject to the terms and conditions of this Consent Decree, Defendant shall pay Gonzalez a separate check for lost wages in the amount of $2,222.23, less the employee's share of required payroll withholding. This payment for lost wages shall be reflected on an IRS Form W-2;

(b) Subject to the terms and conditions of this Consent Decree, Defendant shall pay Gonzalez compensatory damages by a separate check in the amount of $4,444.43 and no deductions shall be made from such payment. This payment is for garden-variety emotional distress and shall be reflected on an IRS Form 1099-MISC; and

The remaining three installments, of $4,444.45 each, shall be paid by the following dates: (1) one hundred and twenty (120) days from the effective date of the agreement; (2) two hundred and forty (240) days from the effective date of the agreement, and (3) three hundred and sixty five (365) days from the effective date of this agreement. Each installment will be paid in two separate checks as follows-

(c)  Subject to the terms and conditions of this Consent Decree, Defendant shall pay Gonzalez separate checks for lost wages, each in the amount of $888.89 less the employee's share of required payroll withholding. These payments for lost wages shall be reflected on an IRS Form W-2;

(d)  Subject to the terms and conditions of this Consent Decree, Defendant shall pay Gonzalez compensatory damages by separate checks in the amount of $3,555.56, and no deductions shall be made from such payments. These payments are for garden-variety emotional distress and shall be reflected on an IRS Form 1099-MISC; and

(e)  A copy of the settlement checks and any accompanying transmittal documents shall be forwarded to the EEOC to the attention of Eduardo Juarez, Supervisory Trial Attorney, at 5410 Fredericksburg Rd., Suite 200, San Antonio, Texas 78229.

In sum, over the course of one (1) year, the Defendant will pay Gonzalez a total of $20,000, in eight separate checks.

If Defendant fails to make any of the four installments, the EEOC may by written notice to the Defendant declare all or any portion of the unpaid total amount of the monetary settlement, together with all accrued interest thereon, immediately due and payable.

The balance of any amount which remains unpaid more than thirty (30) days after it is due shall accrue interest until paid at the rate equal to the lesser of five (5) percent per calendar month or the maximum amount allowed under Applicable Law. However, in no event shall this interest provision be construed as a grant of permission for payment delays.

7. Defendant shall adopt, in writing, a policy against employment discrimination (the "Policy") within twenty (20) calendar days after the approval and entry of this Consent Decree and shall maintain such Policy for the term of this Consent Decree. Defendant shall provide copies of the Policy to all employees no later than thirty (30) calendar days after entry of this Consent Decree and to all new employees at the time they are hired. The Policy shall, at a minimum include:

(a) A statement expressing Defendant's strong and clear commitment to a workplace that complies with Title VII, and in particular is free of unlawful discrimination and harassment based on sex and retaliation;

(b) A statement encouraging employees who believe they have been discriminated or retaliated against, or who believe they have witnessed discrimination or retaliation, to report it;

(c) A requirement that persons who complain about discrimination or retaliation or participate in the EEOC process shall not be retaliated against, and that Defendant will take disciplinary and corrective action against any employee, supervisor, manager or officer who engages in retaliation or, if a supervisor, manager or officer, condones discrimination or retaliation, or fails to address either in conformity with the law and these policies and procedures;

(d) A requirement that the identity of employees who complain about, report or are witnesses to discrimination or retaliation, or witnesses in investigations of discrimination or retaliation, shall be maintained as confidential, to the extent possible;

(e) Clear definitions of sex harassment and retaliation, with examples where appropriate;

(f) Convenient, confidential, and reliable mechanisms for reporting incidents of harassment and retaliation;

(g) A statement that employees may raise concerns or complaints without fear of retaliation about matters, whether alleged, perceived or actual, prohibited by Title VII and the policies and procedures generated by this Consent Decree;

(h) Inform employees that they are entitled to make complaints or reports of unlawful employment discrimination, including harassment, to any manager at Defendant, and/or to the EEOC;

(i) Inform employees that during the duration of the Consent Decree and thereafter, Defendant will investigate thoroughly and promptly all such complaints and reports and shall provide that employees who violate the Policy are subject to discipline up to and including discharge;

(j) A requirement that any supervisory, managerial, or human resources employee who observes or otherwise obtains information regarding harassment and retaliation report such information immediately to the head of Defendant's human resources office or Defendant's official who has the authority to take prompt and effective remedial action;

(k) Defendant shall forward a copy of the Policy to the EEOC within ten (10) calendar days after entry of this Consent Decree.

8. No later than thirty (30) calendar days after entry of the Consent Decree, Defendant shall post its Policy in a conspicuous location on a bulletin board or other physical space that is regularly used by Defendant for posting legal notices concerning employee rights at its San Antonio facility. The policy shall remain posted in this manner for the term of the Consent Decree.

9. Within sixty (60) days of the effective date of this Consent Decree, Defendant shall provide not less than one (1) hour of training on Title VII, including a primary focus on sexual harassment and retaliation training to all its current employees.

   (a) The purpose of this training is to educate both management and non-management employees on the definition of sexual harassment and the rights and responsibilities of employees and management. All employees will be required to attend the training;
   (b) This training will explain that sex-based discrimination and retaliation, and in particular harassment based on an individual's sex, violates Title VII; it will instruct what conduct may constitute sex-based discrimination, sex harassment, and/or retaliation under Title VII; it will specifically address how to handle, investigate, respond to, and accurately record Title VII complaints based on sex discrimination, sex harassment, and/or retaliation; and explain the damaging effects discrimination causes to victims, their families and co-workers, and the workplace environment; and
   (c) The training shall be conducted by an experienced outside consultant or an attorney licensed in the State of Texas who specializes in employment law. The attorney selected shall send a copy of the training presentation outline to the EEOC at least fifteen (15) days before any training session occurs. The EEOC shall have the right to approve of the consultant or attorney selected to conduct the training and the materials used in conjunction with such training.

10. During the term of this Consent Decree, Defendant shall, within twenty (20) days of the annual anniversary of the effective date of this Consent Decree, provide not less than one (1) hour of Title VII refresher training to all of its employees, in accordance with terms set forth in Paragraph 16.

11. Within ten (10) days after the completion of each required training session, the Defendant shall certify to the EEOC, in writing, that the required training has taken place and that the required personnel attended. Such certification shall include: (i) the date, location and duration of the training; and (ii) a copy of the registry of attendance which shall include the name and position or title of each person in attendance.

12. Within ten (10) days of the effective date of this Consent Decree, Defendant shall post copies of the Notice attached as Exhibit A to this Consent Decree in a conspicuous location

on a bulletin board or other physical space that is regularly used by Defendant for posting legal notices concerning employee rights at its San Antonio facility. The Notice shall remain posted in this manner for the term of this Consent Decree. Defendant shall take all reasonable steps to ensure that the posting is not altered, defaced, or covered by any other material.

13. No later than ten (10) business days after entry of this Consent Decree, Defendant shall distribute a copy of the Notice attached as Exhibit A to this Consent Decree to all employees via electronic mail.

14. No later than fifteen (15) business days after entry of this Consent Decree, Defendant shall certify to EEOC in writing that the Notice has been properly posted and distributed in accordance with Paragraphs 19 and 20.

15. During the term of this Consent Decree, Defendant shall maintain and make available for inspection and copying by the EEOC written records of every complaint or report by any employee of sexual harassment, including sex discrimination, and retaliation. For each such complaint or report, such records shall include: (a) the name of the employee who made the complaint or report and that employee's address, telephone number, and email address; (b) the date of the complaint or report; (c) the name and position of each employee who was made aware of the complaint; (d) a written description of what was alleged in the complaint or report; (e) a written description of the resolution or outcome of the complaint or report, including a description of what actions, if any, Defendant took, and the name and position of all persons involved in any actions taken; and (f) if the complaint or report was made in written form, a copy thereof.

16. Defendant shall require personnel within its employ, upon request by the EEOC, to cooperate reasonably with and to be interviewed by the EEOC for purposes of verifying compliance with this Consent Decree.

17. The terms of this Consent Decree shall be binding upon the EEOC and Defendant, its agents, officers, employees, servants, successors, and assigns, as to the issues resolved herein.

18. The parties to this Consent Decree shall bear their own costs and attorneys' fees incurred in this action as of the date of entry of this Consent Decree by the Court.

19. The duration of this Consent Decree shall be two (2) years from the date of its entry with the Court. The Parties agree that the Court shall retain jurisdiction of this case during the term of this Consent Decree to enforce compliance and to take any action necessary and appropriate for its interpretation, execution, modification, and adjudication of disputes regarding the Consent Decree.

20. If the EEOC believes that Defendant has not complied with any term or provision of this Consent Decree, it shall provide written notice of the alleged non-compliance prior to taking any action thereon (the "Notice of Alleged Non-Compliance"). The Notice of Alleged Non-Compliance shall include the Paragraph(s) of this Consent Decree alleged to be violated and a statement of the facts and circumstances relied upon as the basis of the EEOC's claim of noncompliance. Defendant shall have thirty (30) days from receipt of the Notice of Alleged Non-Compliance to respond to the EEOC regarding the alleged violation, during which time the EEOC shall not undertake any enforcement action. The thirty (30) day period may be extended by written agreement executed by the EEOC and Defendant. If the EEOC and Defendant are unable to resolve their dispute regarding the alleged violation, then the EEOC may seek enforcement of this Consent Decree with respect to the alleged violation in the United States District Court for the Western District of Texas, San Antonio Division.

21. When this Consent Decree requires the submission by Defendant of documents or other materials to the EEOC, such documents or other materials shall be mailed to Eduardo Juarez,

Supervisory Trial Attorney, United States Equal Employment Opportunity Commission, San Antonio Field Office, 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229.

22.     This Consent Decree shall become final and effective for all purposes upon approval and entry by the Court. The "effective date" shall be utilized for the calculation of all time periods and actions required pursuant to this Consent Decree.

**SO ORDERED AND ENTERED** this ___3rd___ day of _____September_____, 2021.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

AGREED TO AS TO FORM AND SUBSTANCE:

| **ATTORNEYS FOR DEFENDANT** | **ATTORNEYS FOR PLAINTIFF** |
|---|---|
| /s/ Adam D. Boland | GWENDOLYN YOUNG REAMS<br>Acting General Counsel |
| ADAM D. BOLAND<br>Texas Bar No. 24045520<br>E-Mail: aboland@clarkhill.com | /s/ Edward Juarez s.w.p.<br><br>EDWARD JUAREZ<br>Supervisory Trial Attorney<br>Texas Bar No. 24019498 |
| **CLARK HILL STRASBURGER**<br>2301 Broadway St.<br>San Antonio, Texas 78215-1157<br>Telephone: (210) 250-6000<br>Facsimile: (210) 250-6100 | /s/ Philip Moss<br><br>PHILIP MOSS<br>Trial Attorney<br>Texas State Bar No. 24074764<br>E-Mail: philip.moss@eeoc.gov<br><br>**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**<br>San Antonio Field Office<br>5410 Fredericksburg Road, Suite 200<br>San Antonio, Texas 78229-3555<br>Telephone: (210) 640-7570<br>Facsimile: (210) 281-7669 |

Exhibit A

# NOTICE OF RESOLUTION

This NOTICE is being posted pursuant to a Consent Decree between Great Rentals and Events, LLC d/b/a Great Events, and the U.S. Equal Employment Opportunity Commission (EEOC). This NOTICE will be conspicuously posted for a period of two (2) years at this facility and in all places where employment notices are posted. It must not be altered, defaced, or covered by any other material.

Federal law requires that there be no discrimination against any employee or applicant for employment because of that person's race, color, religion, sex, or national origin with respect to hiring, compensation, promotion, discharge, or other terms, conditions or privileges of employment. Great Rentals and Events, LLC d/b/a Great Events in particular, will not tolerate sex-based discrimination, including sex harassment, or retaliation against any employee because that person has opposed what they believe to be unlawful employment practices, including sex discrimination; or has filed a charge of discrimination, or has given testimony, assistance, or has participated in any manner in any investigation, proceeding or hearing under Title VII of the Civil Rights Act of 1964.

**DEFINITION:** Sexual harassment is a form of sex-based discrimination that consists of unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature. This type of conduct can constitute sexual harassment when submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment; submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individuals; or such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment. Whether the offense is made by a manager, co-worker, or even a non-employee like a client, contractor, or vendor, such conduct can create a hostile work environment. Some examples of sexual harassment are:

* Sending sexually suggestive letters, notes, text messages, or e-mails;
* Displaying inappropriate sexual images or posters in the workplace;
* Telling lewd jokes, or sharing sexual anecdotes;
* Making inappropriate sexual gestures;
* Staring in a sexually suggestive or offensive manner, or whistling;
* Making sexual comments about appearance, clothing, or body parts;
* Inappropriate touching, including hugging, pinching, patting, rubbing, or purposefully brushing up against another person;
* Requests for sexual favors; and/or
* Sexual assault.

This list is in no means exhaustive. There are other forms of sex discrimination.

**DEFINITION:** Retaliation is the punishment of an employee for engaging in a protected activity, such as reporting discriminatory conduct, filing a discrimination charge, opposing unlawful

11

employer practices, and/or testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under Title VII. Some examples of retaliation are:

* Suspension;
* Reduction of pay;
* Discharge;
* Reassignment of job duties;
* Reduction of work hours;
* Reassignment to a different work shift;
* Intimidation; and/or
* Any action affecting employment such as threats, unjustified negative evaluations, unjustified negative references, or increased surveillance.

This list is in no means exhaustive. There are other forms of retaliation.

**RESPONSIBILITY:** Each level of management is responsible for ensuring that all personnel policies, procedures, and activities are in full compliance with applicable federal, state, and local equal employment laws, statute, rules, and regulations regarding discrimination. All employees are expected to read, understand, and follow Great Rentals and Events, LLC d/b/a Great Events' Policy Prohibiting Sex-Based Discrimination and Retaliation.

**REPORTING PROCEDURES:** Any employee who believes that he or she has been subjected to discrimination based on sex or retaliation is expected to report the conduct as soon as possible to either that person's immediate supervisor, or the Human Resources Director, if applicable. Supervisors who receive such complaints will promptly notify the Human Resources Director, if applicable. A person either alternatively, or in addition to reporting such an allegation to company officials, may contact the U.S. Equal Employment Opportunity Commission for the purposes of filing a charge of employment discrimination. The address and telephone number of the U.S. EEOC office is 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229, (210) 640-7530. Information about your rights and how to file a charge is available on the Internet at www.eeoc.gov.

**INVESTIGATION OF COMPLAINTS**: A complete investigation of each complaint will be facilitated immediately by Great Rentals and Events, LLC d/b/a Great Events' Human Resources Department. The investigation may include interviews of all employees and supervisors at the facility.

**PUNISHMENT FOR VIOLATION:** Employees who engage in sex-based discrimination including, but not limited to, sexual harassment and/or retaliation, including supervisors and managers, can expect serious disciplinary action. After an appropriate investigation, any employee, whether management or non-management, who has been found to have discriminated against another employee will be subject to appropriate sanctions, depending on the circumstances, from a written warning in his or her personnel file up to and including termination of employment.

**RETALIATION:** There shall be no retaliation against any employee because that person has opposed in good faith what they believe to be unlawful employment practices, including sexual

harassment or discrimination; or has filed a charge of discrimination, or has given testimony, assistance, or has participated in any manner in any investigation, proceeding or hearing under Title VII of the Civil Rights Act of 1964. Great Rentals and Events, LLC d/b/a Great Events will not punish you for reporting sex-based discrimination or simply because you have made a complaint under the above guidelines.

THIS IS AN OFFICIAL NOTICE AND MUST NOT BE REMOVED OR DEFACED BY ANYONE.  THIS NOTICE WILL BE POSTED FOR A PERIOD OF TWO (2) YEARS.

Signed this _____ day of _____, 2021.

_____
GREAT RENTALS AND EVENTS, LLC
D/B/A GREAT EVENTS